FILED
SUPERIOR COURT
OF GUAM

2022 OCT -4 PM 5:59

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| YI PING WU, | ) | CIVIL CASE NO. CV0680-20 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER GRANTING |
| TUMON VIEW CONDO HOMEOWNERS | ) | DEFENDANT'S MOTION FOR |
| ASSOCIATION, | ) | SUMMARY JUDGMENT AND |
| | ) | DENYING PLAINTIFF'S CROSS- |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. **INTRODUCTION**

This matter is before the Honorable Judge Maria T. Cenzon on Defendant Tumon View Condo Homeowners Association's (the "Defendant") Motion for Summary Judgment (the "Motion"). Defendant is represented by Attorney Mitchell F. Thompson. Yi Ping Wu (the "Plaintiff"), represented by Attorney Gary Wayne Francis Gumataotao, filed an opposition and a cross-motion for summary judgment (the "Cross-Motion"). The Court took the matter under advisement without oral argument pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, the record, and the applicable statutes and case law, the Court now issues the following Decision and Order **GRANTING** Defendant's Motion and **DENYING** Plaintiff's Cross-Motion.

## II.  BACKGROUND

The Plaintiff owned Unit 212 Phase I in the Tumon View Condominium complex. *See* Verified Compl. ¶ 4 (Sept. 11, 2020); *See* First Am. Verified Comp. at ¶ 11 (July 13, 2021). On or about August 2016, Plaintiff was apparently off-island when her apartment began leaking water and causing damage to the unit below. *See* First Am. Verified Comp. at ¶ 13(c); *See* Decl. Evangeline Cepeda ¶ 4 (Apr. 12, 2022). The Defendant conducted repairs on the Plaintiff's behalf and invoiced the Plaintiff. *See* Decl. Evangeline Cepeda ¶¶ 4-5. The Plaintiff reluctantly paid, but only after Defendant retained counsel in an effort to collect the cost of the repairs. *See* First Am. Verified Comp. at ¶ 13(c).

Also in 2016, the roles were reversed when Plaintiff's apartment suffered damages from a water leak originating from the unit above, in Unit 312. *See* Verified Compl. ¶ 5; *See also* First. Am. Verfied Compl. at ¶ 5. In a letter titled "Claim for wet damage to 212 from Unit 312 water leaking before 2016," and dated March 1, 2017, the Plaintiff requested the Defendant pay for the $3,300.00 damages her apartment apparently suffered. Verified Compl. Ex. A. After having not received payment, the Plaintiff sent another letter, this time titled "Re. Unit 212 requesting compensation for wet damage caused by Unit 312 water leaking (house rule violation)," and dated March 16, 2017. *Id.* In the new letter, the Plaintiff threatened the Defendant with legal action if she did not receive payment. *Id.* at Ex. A ("We hope that you will make the payment to us immediately and in full on or before Mar. 26, 2017. if by the above mentioned date, the payment is not received by us we shall turn the case to our attorney.").

Over three years following the demand letter, on September 11, 2020, the Plaintiff filed the instant suit against the Defendant. Verified Compl. In a nutshell, the Plaintiff alleged that the Defendant breached their duties and committed fraud by failing to pay the monies owed and

to provide the Plaintiff with an accounting, as supposedly set out by the Defendant's Articles and Bylaws. *See Id.* at ¶¶ 5-12. The Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Guam Rules of Civil Procedure ("GRCP") Rules 12(b)(6) and 9 for failure to plead fraud with specificity. *See* Mot. to Dismiss (Oct. 19, 2020). This Court found that the Complaint did fail to plead fraud with the required level of specificity, but allowed the Plaintiff to remedy her shortcomings by filing an amended complaint. *See* Decision & Order (June 24, 2021). Shortly thereafter, Plaintiff filed an amended complaint with three counts: count one for fraud and oppressive conduct, count two for failure to provide accounting, and count three for breach of fiduciary duty.[1] *See* First Am. Verified Comp.

The Defendant now brings this present Motion arguing *inter alia* that summary judgment is warranted in their favor for the following reasons: (1) the Defendant has failed to provide any evidence during discovery of the Defendant's intent to defraud the Plaintiff, (2) that neither the law nor the bylaws of the association require Defendant to provide Plaintiff an accounting, and (3) that Plaintiff's action is time-barred by the statute of limitations. The Plaintiff's Cross-Motion argues that summary judgment is instead warranted in her favor because the Defendant has failed to follow the law by failing to provide the Plaintiff with an accounting.

### III.   DISCUSSION

**A. Summary Judgment Standard.**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P.

---

[1] In her amended complaint, the Plaintiff also provided a copy of Defendant's Articles and Bylaws for the first time. *See* First Am. Verified Comp. Ex. B.

56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a factfinder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (per curiam)). In reviewing a motion for summary judgment, "[the] court must view the evidence and draw inferences in a light most favorable to the non-movant." *Id.* ¶ 13 (quoting *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26). "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. "The movant may '[satisfy] and discharge[ ] its burden by establishing the absence of evidence to support the non-moving party's case.' " *Waathdad v. Cyfred, Ltd*, 2021 Guam 24 ¶ 17 (quoting *Kim v. Hong*, 1997 Guam 11 ¶ 6). If the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. "If, after adequate time for discovery, the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then Rule 56(c) requires entry of summary judgment." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

**B. Plaintiff's continues to fail to plead fraud with the specificity required under GRCP Rule 9(b).**

The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Ukau v. Wang*, 2016 Guam 26 ¶ 36. Generally, a pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at ¶ 21; *See*

*also* Guam R. Civ. P. 8(a). Fraud claims are an exception to this general rule. *See* Guam R. Civ. P. 9(b) ("In all averment of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."). But "Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Ukau v. Wang*, 2016 Guam 26 ¶ 47 (citing to *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 16). The heightened standard for fraud claims is known as the "who, what, when, where, and how" requirement. *Id.*

This Court previously addressed this issue with the Plaintiff in its June 24, 2021 Decision & Order and, while it found Plaintiff's Verified Complaint woefully deficient, th Court afforded the Plaintiff an opportunity to file an amended complaint in order to meet the heightened pleading standard for fraud claims. The Plaintiff did file an amended complaint and alleged as follows as the factual basis for her fraud claim:

> 12. Plaintiff realleges and incorporates every allegation contained in the previous paragraphs as though more set forth herein.
>
> 13. Defendant engaged in intentionally false representations that include, but are not limited to, the following:
>
> > a. By and through its Bylaws, Defendants promised to pay for maintenance of the common areas out of the maintenance reserve fund.
> >
> > b. Defendant further asserted that common areas included "water. . . and other necessary utility services for the common elements and , . .[sic] for the apartments."
> >
> > c. In furtherance of those assurances, Defendant, in 2019, engaged an attorney to collect sums it insisted were owed relative to a special

assessment involving water damage to a neighboring condominium unit that occurred in or before 2016.

    d. Despite those assurances, when Plaintiffs unit was damaged by water from another neighboring unit, and despite numerous complaints from the Plaintiff, Defendant refused to make repairs and, in fact, insisted that it owed no duty of repair, despite its earlier assessment against the Plaintiff.

14. Defendant's representations to the Plaintiff were false when they made them, or were made recklessly and without regard for their truth.

15. Defendant intended that Plaintiff rely on those representations.

16. Plaintiff reasonably relied on those representations and proceeded, under duress, to make the necessary repairs at her own expense. In addition, Plaintiff agreed to pay the special assessment, along with the additional attorney's fees.

17. Article V, Section I of its Bylaws require the Defendant to provide such services to Plaintiff as and for part of its duty to maintain the common areas.

18. As a direct result of the Defendant's conduct as described above, Plaintiff suffered damages in an amount to be proven at trial, but not less $3,300.

First Am. Compl. (Jul. 13, 2021).

In construing the pleading in the light most favorable to the Plaintiff, the Court finds that the amended complaint sufficiently pleads some, but not all of the requite elements of fraud. The Plaintiff identifies the Defendant as "who" made the alleged false misrepresentations in paragraphs 13, 14, 15, 17, and 18. The Plaintiff identifies "what" false misrepresentation was allegedly made when she asserts that "Defendants promised to pay for maintenance of the common areas out of the maintenance reserve fund." *Id.* at ¶ 13(a). In the same paragraph, Plaintiff identifies "how" Defendant allegedly made the false representations— "[b]y and through its Bylaws . . . ." *Id.* Then, the Plaintiff satisfies the "where" in paragraph 10, as incorporated by paragraph 12, by alleging the wrongdoing to have occurred in Guam. *Id.* at ¶ 10.

However, the "when" element is still deficient. The Supreme Court of Guam has held that "[i]n cases where the exact timing of specific events is critical for determining fraud, lack of precision in alleging dates can be fatal to a pleading." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 28. Plaintiff's amended complaint only vaguely mentions the time periods of "in or before 2016" and "2019" in her Count 1 alleging fraud. *See* First Am. Compl. ¶ 13 (c). Here, the exact dates are critical to the claim because the parties are at odds over when the clock on the statute of limitations began to run, as discussed in more detail later herein. In *Taitano*, the Supreme Court of Guam leaned towards finding the pleading deficient because the broad year dates offered of "1968 and 1969" lacked the specificity required under Rule 9(b). *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 28. Similarly, the time periods of "in or before 2016" or "2019" here lack the specificity required, especially since the exact timing of the dates are critical in determining whether the statute of limitations bars Plaintiff's claim.

The Plaintiff also states that the "Defendant filed its Horizontal Property Regime with the Territory of Guam, Department of Land Management Office of the Recorder on December 19, 1984." *Id*. at ¶ 10. This leads Defendant to speculate whether "Plaintiff [is] suggesting that the Association intended to defraud plaintiff when it adopted its Bylaws in 1984?" Deft.'s Br. at 6 (Apr. 12, 2022). This Court itself is similarly puzzled. The uncertainty is a prima facie indicator that Plaintiff's pleading remains deficient. After all, fraud claims are subject to a heightened pleading standard for the purpose of "provid[ing] notice to defendants as to what particular fraudulent action is being alleged." *Ukau v. Wang*, 2016 Guam 26 ¶ 47 (citing to *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 16). That the Defendant and the Court remain uncertain of what exactly Plaintiff is claiming at the summary judgment stage of the proceedings is troubling.

When a plaintiff fails to plead his fraud claim with the particular sufficiency required, dismissal is required only "if 'it is clear . . . that the complaint could not be saved by any amendment.' " *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Simpson v. AOL Time Warner, Inc.*, 452 F. 3d 1040, 1046 (9th. Cir. 2006). Such is the case here. As the Court discusses later herein, it is evident from the record that Plaintiff became aware or should have become aware of the availability of a fraud claim by *March 16, 2017*, the date she penned a letter demanding payment from the Defendant. *See* Verified Compl. Ex. A. However, utilizing that date would signal Plaintiff's claim is barred because it was not filed until September 11, 2020, well beyond the three-year statute of limitations. Consequently, the Plaintiff has but two options: (1) to amend the complaint with the correct date but then still be barred from recovery by the statute of limitations, or (2) to continue offering vague dates so that her claim is not dead on arrival, but noncompliant with the requirements of GRCP 9(b). For this reason, dismissal of the complaint is necessary as Plaintiff's complaint is unsalvageable under the circumstances and cannot be saved by amendment.

Furthermore, the United States Supreme Court has offered certain circumstances where a denial for leave to amend pleadings would be justified, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Guam Supreme Court has articulated these factors as *Foman* is controlling. *See Arashi & Co., Inc. v. Nakashima Enters., Inc.*, 2005 Guam 21 ¶ 16. Dismissal of the Complaint here is further justified because Plaintiff has already been afforded an opportunity to cure his pleading by an amendment, any attempt would be futile as discussed above, and tying the Defendant to this

untenable claim would only lead to undue prejudice in the form of mounting and unjustified attorney's cost and fees. Even if the Plaintiff were allowed to once again amend his pleadings, summary judgment is merited in Defendant's favor, as illustrated by the Court below.

### C. Plaintiff's fraud claims in Count 1 and Count 3 are barred by the Statute of Limitations.

Title 7 GCA Section 11305 establishes a three-year statute of limitations period for fraud claims. The section titled "Within Three Years," reads in pertinent part:

> An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

7 GCA § 11305(d). The simple question before this Court is, "When did the Plaintiff discover the facts constituting the alleged fraud?" When interpreting this very question, the Guam Supreme Court has noted that:

> Discovery does not mean actual knowledge. Discovery occurs when a plaintiff could have discovered the wrong acts with reasonable diligence. Reasonable diligence is tested by an objective standard, and when the uncontroverted evidence irrefutably demonstrates that the plaintiff discovered or should have discovered fraudulent conduct, the issue may be resolved by summary judgment.

*Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 45 (citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 24). The Guam Supreme Court has further held that "[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, he must decide whether to file suit or to sit on his rights." *Id.* (citing *Custodio v. Boonprakong*, 1999 Guam 5 ¶ 24).

In her letter dated March 16, 2017, the Plaintiff sent a letter regarding her unit's $3,300 in alleged water damages to the Defendant stating that "if by the above mentioned date, the payment is not received by us, we shall turn the case to our attorney." Verified Compl. Ex. A. The Plaintiff then filed suit against the Defendant for failing to pay the $3,300 in water damages

on September 11, 2020. *See* Verified Compl. (Sept. 11, 2020). The Plaintiff, however, asserts that she "did not become aware until on or about September 1, 2020 that the representations of the Defendant . . . constituted fraud." Decl. of Pl. (Apr. 28, 2022). This claim is wholly unsupported by the evidence presented by the Plaintiff in support of its claim, as told by the documents submitted as exhibits to its verified complaint and amended complaint.

Unfortunately for Plaintiff, when she learned that Defendant supposedly committed the act of fraud is inapposite to this Court's analysis. What matters is when she learned "of the *facts* constituting fraud or mistake." 7 GCA § 11305(d) (emphasis added). The letter she herself penned provides "uncontroverted evidence [that] irrefutably demonstrates that the plaintiff discovered or should have discovered fraudulent conduct . . . ." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 45. The Plaintiff was so aware of Defendant's wrongdoing that she possessed an incentive to sue the Defendant, as shown by her threat to refer the matter to her attorney. *See* Verified Compl. Ex. A. Thus, at the latest, the statute of limitations for Plaintiff's fraud claim began to run on March 16, 2017 (the date appearing on her letter) and expired on March 16, 2020 (three years from the date she became aware of the facts constituting the fraud or mistake). *Id.* The Plaintiff decided to sit on her rights until September 11, 2020 and by then Count 1 of her claim was time-barred.

Under the same reasoning, Defendant's Count 3 alleging breach of fiduciary duty is also time-barred as it relates to the fraud claim. Plaintiff contends that "Defendant breached that standard of care both when it failed and refused to repair the water leak in Plaintiff's apartment, and when it failed and refused to provide a requested accounting." First. Am. Compl. at ¶ 24. The three-year statute of limitations applies to any "action for relief on the ground of fraud or mistake." 7 GCA § 11305(d). Thus, the three-year statute of limitations also applies to Plaintiff's

Count 3 as it deals with the alleged fraud that the Defendant committed when it failed to pay the supposed water damages from the water leak. The Guam Supreme Court has accepted this interpretation of the statute. *See Bautista v. Torres*, 2020 Guam 28 ¶ 13 ("The statute of limitations period applicable to each claim is three years for breach of fiduciary duty . . . .") (citing to 7 GCA § 11305(d)). Therefore, Plaintiff's Count 3 is also time-barred for the reasoning aforementioned as it relates to the fraud claim.

"When a complaint shows on its face or on the basis of judicially noticeable facts that the cause of action is barred by the applicable statute of limitations, the plaintiff must plead facts which show an excuse, tolling, or for some other basis for avoiding the statutory bar." *Amsden v. Yamon*, 1999 Guam 14 ¶ 12 (quoting *Ponderosa Homes Inc. v. City of Ramon*, 23 Cal. App. 4th 1761, 1768 (Cal. Ct. App. 1994). To rebut Defendant's motion, the Plaintiff can only offer that she did not know she had a fraud claim until later. *See* Pl.'s Br. at 5; *See also* Decl. of Pl. As per 7 GCA § 11305(d) and the case law discussed above, this excuse does not suffice. Given that Defendant is granted summary judgment as to Count 1 and Count 3 of Plaintiff's amended Complaint as they relate to fraud, the Court need not address delve further into additional bases upon which it is entitled to that same relief.

### D. Plaintiff fails to meet her burden as to entitlement of accounting in Count 2 and Count 3.

In her amended complaint, the Plaintiff asserts the "Defendant has failed and refused to provide the accounting required by law." First Am. Compl. at ¶ 20(d). Between her amended complaint and brief, the Plaintiff cites to four different authorities that supposedly require the Defendant to provide her with an accounting.

Plaintiff cites to Article V, Section 7 of Defendant's Bylaws and the California Civil Code in her amended complaint. *See Id.* at ¶ 20 (a)-(b). None of the Plaintiff's citations require the Defendant to provide an accounting. To begin, "Article V, Section 7" does not exist in Defendant's Bylaws as the Plaintiff contends. Article V of Defendant's Bylaws, as provided by the Plaintiff in her amended complaint, contains only three sections. *See* First Am. Compl. at Ex. B. However, through its own initiative of reviewing the bylaws provided by the Plaintiff, the Court notes that Article IV, Section 7 reads as follows in its entirety:

> The Treasurer shall have responsibility for all funds and securities of the Association, maintain and keep full and accurate accounts of all receipts and disbursements of the Association and render statements thereof in such form and as often as may be required by the Board of Directors, and be responsible for the deposit of all moneys and other valuable effects in the name and to the credit of the Association in such depositories as may from time to time be designated by the Board.

First Am. Compl. at Ex. B. Nothing in this Section 7 requires the Defendant or its treasurer to provide owners of units with an accounting upon their demand. The section admittedly states that accounts must be provided "in such form and as often as may be required by the Board of Directors . . . ." *Id.* Otherwise, it is silent on any other duties and the Plaintiff has not alleged she represents the Board of Directors. Thus, Plaintiff has failed to show how Defendant has infringed on its Bylaws by not providing her with an accounting.

Plaintiff also cites to "Section 5240(b) of the 2019 Davis-Stirling Common Interest Development Act, the portion of the California Civil Code *which governs condominium communities in California . . . .*" as the law upon which the Defendant is purportedly infringing. First Am. Compl. at Ex. B (emphasis added). As the Plaintiff herself states, the law governs condominium communities in California but then she does not articulate or even remotely argue

why that law extends or governs the Defendant in Guam, leaving the Court to guess or hypothesize upon its application.

In her Cross-Motion, the Plaintiff points to two more authorities that also fail to support her claim that she is entitled to an accounting from the Defendant. First, Plaintiff alludes to this specific language in Article VI, Section 1 of the Defendant's Bylaws:

> All apartment owners are obligated to pay the monthly assessments against them imposed by the Association to meet the common expenses of the project, including, without limitation the management and operation thereof, maintenance, repair and rebuilding of the common elements and premiums for liability and hazard insurance.

Pl. Opp'n & Cross-Motion at 5 (Apr. 28, 2022). Primarily, no language in this section compels the Defendant to provide the Plaintiff with an accounting. Second, the Plaintiff points to Title 21 GCA Section 45110 as legal grounds for its demand. *See Id.* at 6. That section reads entirely as follows:

> The common profits of the property shall be distributed among, and the common expenses shall be charged to, the apartment owners in proportion to the common interests appurtenant to their respective apartments; provided, that in the case of limited common elements, all costs and expenses of every description pertaining thereto, including, but not limited to, the cost of the maintenance, repair, and replacement of, and the making of any additions and improvements to any limited common element, may be charged to the owners of the apartments for the use of which such limited common element is reserved in any equitable manner as set forth in the declaration.

21 GCA § 45110.

Once more, no language dictates that the Defendant must provide the Plaintiff with an accounting. To the contrary, the Plaintiff herself cites to persuasive authority that, in her own words, establish accounting is not an independent cause of action but instead a remedy:

> Under California law, "an accounting is generally a remedy in equity" rather than an independent cause of action. See *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1191 (N.D. Cal. July 9, 2009); see also *Fradis v.*

*Savebig.com*, 2011 WL 7637785 at \*8 (C.D. Cal. Dec. 2, 2011) (noting "[a] number of courts have held that an accounting is merely an equitable remedy.").

Pl. Opp'n & Cross-Motion at 6. Thus, even if the Court accepts Plaintiff's interpretation and theory of the case law, she is requesting a remedy without indicating an independent cause of action that would entitle her to that remedy. If Plaintiff is suggesting she is entitled to an accounting as a remedy for Defendant's supposed fraud for failure to pay the water damages, the argument fails as, for the reasons aforementioned, summary judgment in Defendant's favor for that cause of action is warranted.

Alternatively, if Plaintiff is arguing in her Cross-Motion that she is entitled to an accounting because of Defendant's supposed breach of fiduciary duty, this Court likewise cannot grant that relief because, as Plaintiff herself stated, "[i]f there exists a contractual relationship between the parties . . . the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Id.* at 7 (citing *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (Cal. Ct. App. 1992). Plaintiff cannot point to any specific contractual obligation Defendant has to provide her with an accounting. With no duty, it follows that Defendant could not have breached a fiduciary duty to the Plaintiff.

In sum, the Court is not persuaded by any of Plaintiff's cited authorities upon which she relies as supporting her entitlement to an accounting. Moreover, Plaintiff cannot receive an accounting as a remedy if no cause of action exists that would entitle her to that remedy. As a result, the Plaintiff has failed to meet her "initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. Therefore, her Cross-Motion is denied and instead

Count 2 merits adjudication by summary judgment in Defendant's favor. Count 3 arguing that Defendant breached a fiduciary duty "when it failed and refused to provide a requested accounting," is thus also similarly implicated and deficient. *See* First Am. Compl. ¶ 24.

## IV. CONCLUSION

Plaintiff's Count One is subject to dismissal for its continued failure to plead fraud with the specificity required, but Defendant's motion for summary judgment in its favor is warranted because it this claim is barred by the statute of limitations. Defendant's motion for summary judgment on Plaintiff's Count Two is equally meritorious because the Plaintiff has failed to show that she is entitled to an accounting as a matter of law, either as a standalone cause of action or as a remedy. Lastly, Plaintiff's Count Three must also be disposed of by summary judgment in Defendant's favor because it is predicated on the fraud claim and the accounting claim. As such, Defendant's Motion is **GRANTED** and the Plaintiff's Cross-Motion is **DENIED.**

Judgment shall follow under separate cover.

SO ORDERED this 4th day of October, 2022.

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam